Per Curiam.

Respondent contends here that suspension from the practice of law for an indefinite period of time is too severe, and that he should be given a public reprimand. He did not testify at the hearing before the board and presents, for the first time before this court, claimed mitigating circumstances not urged before the board. He cites as authority the case of Dayton Bar Association v. Moore, 174 Ohio St., 21. In that case, the board found that respondent, Moore, had issued checks against insufficient funds and in so doing was guilty of misconduct, but there was no indictment or conviction. Moore was given a public reprimand.
The claimed mitigating circumstances urged by respondent should have been presented at the hearing before the board and not having been so presented cannot for the first time be asserted in and considered by this court.
This court, from a careful examination of the record and a consideration of the course of conduct of the respondent, is of the opinion that the board was neither in error nor unreasonable in its findings and recommendation. Therefore, the report of the board is confirmed, and judgment is rendered accordingly.

Report confirmed and judgment accordingly.

Taft, C. J., Zimmerman, O’Neill, Griffith and Gibson, JJ., concur.
Herbert, J., concurs except to the extent that the judgment should be a public reprimand.
Matthias, J., not participating.